UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IGOR ABRAMOV,

                            Plaintiff,

               -against-

CAPULA INVESTMENT US LP, et al.,

                      Defendants.
------------------------------------------------------------------X

**25-CV-9163 (RA)(SN)**

**ORDER & OPINION**

**SARAH NETBURN, United States Magistrate Judge:**

Defendants Capula Investment US LP and Capula Investment Management LLP (together, "Capula") move to seal the Complaint and for leave to file a redacted public version. The motion is DENIED.

**FACTS**

On November 3, 2025, Plaintiff Igor Abramov, the former U.S. Chief Compliance Officer and Head of U.S. Compliance and Legal at Capula, filed this action alleging that Defendants retaliated against him for raising concerns about regulatory and compliance issues. ECF No. 1. The following day, Bloomberg News published an article describing the allegations in the Complaint and linking to an unredacted copy. See Chris Dolmetsch, *Ex-Capula Compliance Head Says Fund Expensed Art, Private Jets*, Bloomberg (Nov. 4, 2025), https://www.bloomberg.com/news/articles/2025-11-04/ex-capula-compliance-head-says-fund-expensed-art-private-jets. The next day, Law360 published a similar article recounting the allegations and likewise linking to the unredacted Complaint. See Sarah Jarvis, *Hedge Fund Fired Whistleblower Compliance Chief, Suit Says*, Law360 (Nov. 5, 2025)

https://www.law360.com/articles/2407917/hedge-fund-fired-whistleblower-compliance-chief-suit-says.

On November 14, 2025—11 days after the Complaint was filed—Defendants submitted an *ex parte* letter-motion by email seeking to seal the Complaint, asserting that it contains confidential and attorney–client privileged information. ECF No. 13. The Court temporarily sealed the Complaint pending resolution of the motion and directed Defendants to file their request on the docket. Plaintiff thereafter opposed the motion by letter.

## DISCUSSION

"The common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). "In addition to the common law right of access, it is well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" Id. at 120. (citation omitted). As the Court of Appeals has stated:

> [A] sealed complaint leaves the public unaware that a claim has been leveled and that state power has been invoked—and public resources spent—in an effort to resolve the dispute. These considerations indicate that public access to the complaint and other pleadings has a "significant positive role," in the functioning of the judicial process.

Bernstein v. Bernstein Litowitz Berger & Grossman LLP, 814 F.3d 132, 141 (2d Cir. 2016) (citation omitted).

"A proponent of sealing may overcome the presumption of access by demonstrating a substantial probability of harm to a compelling interest." Under Seal v. Under Seal, 273 F. Supp. 3d 460, 469 (S.D.N.Y. Aug. 10, 2017). "[A] judge must carefully and skeptically review sealing requests to [e]nsure that there really is an extraordinary circumstance or compelling need." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (citation omitted). "'Generalized concern[s]

of adverse publicity' do not outweigh the presumption of access." Bernsten v. O'Reilly, 307 F.

Supp. 3d 161, 169 (S.D.N.Y. 2018) (citation omitted).  Courts routinely deny sealing requests

where the information to be sealed is already publicly available. See e.g., Grossberg v. Fox

Corporation, No. 23-cv-2368 (JMF), 2023 WL 2612262, at *1 (S.D.N.Y. Mar. 23, 2023); Rollag

v. Cowen Inc., No. 20-cv-5138 (RA), 2020 WL 4937462, at *3 (S.D.N.Y. Aug. 24, 2020).

Here, at least two major media outlets have already reported on the Complaint and its

allegations, each linking to an unredacted copy of the Complaint. "Courts in this Circuit have

found that a defendant's 'countervailing privacy interest . . . cannot defeat the strong

presumption of public disclosure where the material it seeks to seal is already in the public

domain' due to media coverage." Rollag, 2020 WL 4937462, at *3 (quoting JetBlue Airways

Corp. v. Helferich Patent Licensing, LLC, 960 F. Supp. 2d 383, 397 (E.D.N.Y. 2013)). Thus,

regardless of any compelling interest that might otherwise justify redacting portions of the

Complaint, because of the public reporting, at this juncture, sealing would be futile.

Defendants argue that permitting Plaintiff to file an unredacted Complaint because of the

news reports rewards his reckless decision to publicly file the Complaint containing confidential

or privileged information. That argument is unpersuasive on this record. Defendants admit that

Plaintiff provided them with a draft of the Complaint five days before filing and advised them

that it would be filed within 72 hours. Plaintiff ultimately filed the Complaint five days later,

after which it was publicly reported on by major media organizations. Despite having advance

notice of the Complaint's allegations, Defendants waited 11 days after the Complaint was filed

to seek sealing relief. Defendants offer no explanation for this delay. Accordingly, Defendants

have failed to overcome the strong presumption of public access to the Complaint. Rollag, 2020

WL 4937462, at *3.

## CONCLUSION

Defendants' motion to seal the Complaint is DENIED. The Clerk of Court is respectfully

directed to terminate the motion at ECF No. 13 and unseal the complaint at ECF No. 1.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:        December 16, 2025
              New York, New York

4