UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IGOR ABRAMOV,

                Plaintiff,

            v.

CAPULA INVESTMENT US LP, and
CAPULA INVESTMENT MANAGEMENT
LLP,

                Defendants.

---

25-CV-9163 (RA)

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff brings one claim in this action pursuant to New York state law.  On December 15, 2025, Defendants, which are both limited partnerships, submitted a letter-motion alleging that this Court lacked subject-matter jurisdiction over this action because there is not complete diversity among the parties.  Dkt. 22 ("Defs. Ltr.").  Plaintiff submitted a letter-brief in opposition, Dkt. 26 ("Pl. Opp'n"), to which Defendants replied.  Dkt. 27 ("Defs. Repl.").

Defendants allege that a limited partner in both partnerships is a citizen of the same state as Plaintiff, Defs. Ltr. at 1, which would divest this court of diversity jurisdiction.[1]  *See, e.g.*, *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990) (noting that "diversity jurisdiction in a suit by or against a limited partnership depends on the citizenship of all the members," including limited partners (cleaned up)).  At a conference held on February 10, 2026 regarding Defendants' letter-motion, counsel for Plaintiff conceded that, given the information in

---

[1] Plaintiff Igor Abramov is a citizen of Connecticut.  Dkt. 1 ("Compl.") ¶ 3.  Defendants submitted an affidavit from Piyush Bharti stating that he is a limited partner in both Capula Investment US LP and Capula Investment Management LLP and is domiciled in Connecticut.  Defs. Repl. Ex. A.  Defendants also submitted documents demonstrating that Bharti was deeded a limited partnership interest in both entities.  *Id.* Ex. B, Ex. C, & Ex. D.

her possession, she cannot establish that complete diversity exists among the parties.  If a plaintiff cannot establish subject-matter jurisdiction, "dismissal is mandatory."  *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see* Fed. R. Civ. P. 12(h)(3).

Accordingly, because Plaintiff cannot establish that this Court may exercise subject-matter jurisdiction over the instant case, the Court will dismiss this action, albeit without prejudice.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:        February 11, 2026
              New York, New York

_____
Ronnie Abrams
United States District Judge